Elizabeth MATOFF

v.

**BRINKER RESTAURANT CORP.**

No. CV 06–2839 GHK JTL.

United States District Court, C.D. California.

June 26, 2006.

Darren M. Cohen, Eric B. Kingsley, George R. Kingsley, Elana R. Levine, Kingsley and Kingsley, Encino, CA, for Elizabeth Matoff.

Heather Burror, Karen J. Kubin, Akin Gump Strauss Hauer and Feld, San Francisco, CA, Michael Brett Burns, Akin Gump Strauss Hauer and Feld Dallas, TX, for Brinker Restaurant Corporation.

**Proceedings: Defendant's Motion to Dismiss Plaintiff's Second and Fourth Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

KING, District Judge.

This matter is before the Court on the above-entitled motion. This motion is appropriate for resolution without oral argument. *See* Fed.R.Civ.P. 78; Local Rule 7-15 (formerly Local Rule 7.11). After carefully considering all pertinent papers, we rule as follows:

The parties are familiar with the facts in the current action. Thus, we will not repeat any facts except as necessary.

## I. Introduction and Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Brinker Restaurant Corporation moves to dismiss Plaintiff Elizabeth Matoff's second and fourth claims for failure to state a claim upon which relief can be granted. Plaintiff's second claim alleges "unlawful tip pooling distribution in violation of California Labor Code § 351." Her fourth claim alleges unfair competition pursuant to California Business & Professions Code § 17200.

In a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), we must accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). Thus, dismissal under Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged

under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).

## II. Plaintiff's Second Claim

Defendant argues that Plaintiff's claim under California Labor Code § 351 must be dismissed because the statute does not create a private cause of action. Our determinations of state substantive law are governed by the decisions of the state's highest court. *Lost Timber v. Power City Const. Inc.*, 809 F.2d 590, 592 (9th Cir. 1987). The California Supreme Court has not ruled whether there is a private right of action under section 351. In such a circumstance, our task is to predict how the state high court' would resolve the question. *Westlands Water Dist. v. Amoco Chemical Co.*, 953 F.2d 1109, 1111 (9th Cir.1992).

 Under California law, "[a]doption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62, 82 Cal.Rptr.2d 442 (1999). We are to assume that when the Legislature intends to create a private right of action, it will do so "directly" and "in clear, understandable, unmistakable terms." *Id.* at 62–63, 82 Cal.Rptr.2d 442 (*quoting Moradi–Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 294–295, 250 Cal.Rptr. 116, 758 P.2d 58 (1988)). When a regulatory statute provides for enforcement by an administrative agency, California courts generally conclude the Legislature intended the administrative remedy to be exclusive, unless the statutory language or legislative history clearly indicates otherwise.

*See id.* at 66, 82 Cal.Rptr.2d 442; *Farmers Ins. Exchange v. Superior Court*, 137 Cal. App.4th 842, 850, 40 Cal.Rptr.3d 653 (2006).

California Labor Code § 351 does not specify the existence of a private right of action on its face. Rather, another section of the statute provides: "Any employer who violates any provision of this article [including section 351] is guilty of a misdemeanor, punishable by a fine not exceeding one thousand dollars ($ 1,000) or by imprisonment for not exceeding 60 days, or both." Cal. Lab.Code § 354. In addition, Section 355 provides: "The Department of Industrial Relations shall enforce the provisions of this article. All fines collected under this article shall be paid into the State treasury and credited to the general fund." Cal. Lab.Code § 355. Thus the statute provides for administrative enforcement and a remedy other than private damages or restitution. We know of no legislative history, and Plaintiff has alerted us to none, that demonstrates a legislative intent to create a private right to sue.

 Therefore, we conclude that California Labor Code § 351 does not contain a private right of action, and we **GRANT** Defendant's motion to dismiss Plaintiff's second claim.

## III. Plaintiff's Fourth Claim

Defendant contends that Plaintiff's fourth claim, under California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.*, must be dismissed for three reasons.

First, Defendant argues that as Plaintiff lacks a valid claim under Labor Code § 351, there is no predicate unlawful act on which to base a claim under section 17200. Claims under the California Business and Professions Code § 17200 *et seq.* may assert "unlawful," "fraudulent," or

"unfair" business practices or acts. Bus. & Prof.Code § 17200. "Unlawful" practices comprise violations of other statutes. Section 17200 " 'borrows' violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

■ We conclude that Plaintiff has adequately alleged a section 351 violation, which may serve as a predicate unlawful act. While mandatory tip pooling has been found not to violate section 351 when the participants in the pool directly serve customers, *see Leighton v. Old Heidelberg, Ltd.*, 219 Cal.App.3d 1062, 268 Cal.Rptr. 647 (1990), Plaintiff has alleged that servers in Defendant's restaurants were required to share tips with bartenders who did not provide such direct service. Because the tip pool is mandatory, if it is unlawful, it may constitute an employer's unlawful taking of employee's tips within the meaning of section 351. Although section 351 does not create a private right of action, the California Supreme Court has expressly rejected the notion that "a private plaintiff lacks UCL standing whenever the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action." *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553, 565–566, 71 Cal.Rptr.2d 731, 950 P.2d 1086 (Cal.1998). *See also Stevens v. Superior Court*, 75 Cal.App.4th 594, 606, 89 Cal. Rptr.2d 370 (Cal.Ct.App.1999).

■ Second, Defendant argues that the court should exercise equitable abstention in regard to Plaintiff's unfair competition claim because the area is governed by a "comprehensive legislative scheme" and courts of equity customarily avoid interference with "complex economic policy" appropriately determined by the legislature rather than the judiciary. *See Shamsian v. Department of Conservation*, 136 Cal. App.4th 621, 641–642, 39 Cal.Rptr.3d 62 (2006). However, while there is administrative enforcement of Labor Code § 351, Defendant has not shown a complex administrative scheme governing distribution of tips or indicated how it might be upset by an order of restitution.

■ Third, Defendant claims that Plaintiff's request for restitution and disgorgement of profits under the Unfair Competition Law must fail because the tips she seeks to recover are in the possession of the bartenders, not Defendant. The Unfair Competition Law does provide for restitution. *See* Bus. & Prof.Code § 17203. In *Kraus v. Trinity Management Servs., Inc.*, 23 Cal.4th 116, 96 Cal.Rptr.2d 485, 999 P.2d 718 (2000), the court defined orders for restitution as "orders compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property, or those claiming through that person." *Id.* at 126–27, 96 Cal.Rptr.2d 485, 999 P.2d 718. Plaintiff has an ownership interest in the tips at issue because section 351 expressly provides: "Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for." Cal. Lab.Code § 351. If Defendant unlawfully misappropriated Plaintiff's tips, Plaintiff may seek restitution even if Defendant directed the misappropriated funds to the bartenders.

■ However, to the extent that Plaintiff requests disgorgement of profits in excess of restitution of money improperly misappropriated, the request may not be granted as a matter of law. Disgorgement

of profits is available under the UCL only to the extent that it is restitutionary. *See Madrid v. Perot Sys. Corp.*, 130 Cal. App.4th 440, 460, 30 Cal.Rptr.3d 210 (2005) (nonrestitutionary disgorgement is not an available remedy in a class action under the UCL); *Korea Supply Co.*, 29 Cal.4th at 1152, 131 Cal.Rptr.2d 29, 63 P.3d 937 (nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL).

Therefore, Defendant has not demonstrated that Plaintiff's claim under California's Unfair Competition Law fails to state a claim upon which relief can be granted. Accordingly, we **DENY** Defendant's motion to dismiss Plaintiff's fourth claim.

## IV. Conclusion

We **GRANT** Defendant's motion to dismiss Plaintiff's second claim and **DENY** Defendant's motion to dismiss Plaintiff's fourth claim, except that Plaintiff is precluded from seeking nonrestitutionary disgorgement of profits on this claim. Defendant shall answer the Complaint with ten (10) days hereof. *See* Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**